The Kantrow Law Group, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Fred S. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re:                                                              Chapter 7
                                                                    Case No.: 20-73479-reg
RANDALL GEORGE KOSTER,

                                Debtor.
-------------------------------------------------------------------x
ALLAN B. MENDELSOHN as Trustee of the Estate
Of Randall George Koster,

                                Plaintiff,
                                                                    Adv. Pro. No. 21-
        -against-

KOSTER INDUSTRIES, INC.,

                                Defendant.
-------------------------------------------------------------------x

## COMPLAINT

Allan B. Mendelsohn, the trustee and the plaintiff herein (the "Trustee" and/or the "Plaintiff") by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his complaint (the "Complaint") against Koster Industries, Inc. ("Koster Industries") seeking common law indemnification and contribution in connection with certain claims made against the bankruptcy estate (the "Estate") and states as follows:

## PRELIMINARY STATEMENT

This is an action by the Trustee to and recover certain amounts due and owing the Estate.

## PARTIES

1.  Plaintiff is the chapter 7 trustee of the Estate of Randll G. Koster, the debtor (the "Debtor").

2.  Upon information and belief, the Defendant is a New York corporation with a mailing address for service of process of 40 Daniel Street, Suite 2, Farmingdale, New York 11735-1308.  Upon information and belief, Russel M. Koster is the chief executive officer of the Defendant.

**JURISDICTIONAL PREDICATE**

3.  This adversary proceeding relates to the Debtor's above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

4.  The statutory predicates for the relief sought herein are: (i) 11 U.S.C. §§ 105, 544 and 550 (the "Bankruptcy Code"); (ii) Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) common law indemnification and contribution.

5.  Venue of the Debtor's chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  In the event this Court determines that the causes of action, as alleged herein, are not a core proceeding, Plaintiff consents to the entry of final Orders and Judgment by this Court determining such causes of action.

**FACTS**

7.  On November 23, 2020 (the "Petition Date") the Debtor filed a voluntary petition for relief from his creditors pursuant to chapter 7 of the Bankruptcy Code.

8.  Allan B. Mendelsohn was appointed interim Trustee and thereafter did duly qualify as the permanent case Trustee.

9. Upon information and belief, prior to the Petition Date, the Debtor was an employee of the Defendant. In that capacity, the Debtor, for no consideration, allowed the Defendant to use his credit to establish a Business Platinum Card issued by American Express as to an account ending in the last four digits 5002 (the "Business Platinum Card").

10. Upon information and belief, and based upon a review of the terms and conditions of the Business Platinum Card, both the Debtor and the Defendant were obligated as to all charges incurred on the Business Platinum Card.

11. As a result of the filing of the instant chapter 7 bankruptcy case, the Debtor has been relieved of any obligation to pay the charges incurred for the benefit of the Defendant.

12. American Express has filed a proof of claim (Claim No. 10) in the amount of $95,865.16 against the Estate.

13. As the charges incurred by the Defendant were explicitly and exclusively for its benefit, the Defendant is liable to the estate for the amount of the claim asserted by American Express in the amount of $95,865.16.

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" as if each were more fully set forth herein.

15. On or about April 5, 2021, American Express filed Claim No. 10 against the Debtor's Estate, in the amount of $95,865.16 in connection with the Platinum Business Card ending in the last four digits 5002, issued to the Defendant and guaranteed by the Debtor.

16. The Debtor received no consideration for the debt incurred by the Defendant and now due and owing to American Express in the amount of $95,865.16.

17. The Estate is burdened by the American Express Claim No. 10 in the amount of $95,865.16.

18. The Estate's claim against the Defendant is a claim for indemnification and contribution so that the Estate is made whole in connection with the claim against it filed by American Express.

19. If the Estate is liable to American Express, the Defendant is liable to the Estate.

20. Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendant in the amount of $95,865.16.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" as if each were more fully set forth herein.

22. The charges incurred by the Defendant were in actuality impermissible transfers of Debtor's interests in property. Consequently, the Defendant was the ultimate beneficiary of such transfers under circumstances in which the Defendant would be unjustly enriched if it were permitted to avoid the payments to American Express and burden the Debtor's Estate as the Debtor did not receive reasonably equivalent value.

23. These facts have caused the Defendant to be unjustly enriched and may not in equity and good conscience avoid its obligations to the Estate.

24. By virtue of the foregoing, the Plaintiff is entitled to judgment against the Defendant in the amount of $95,865.16.

**WHEREFORE**, the Plaintiff demands judgment against Koster Industries, Inc. in the amount of $95,865.16 together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Syosset, New York
       May 11, 2021

                              The Kantrow Law Group, PLLC
                              Attorneys for Allan B. Mendelsohn, Plaintiff

                BY:    <u>S/Fred S. Kantrow</u>
                              Fred S. Kantrow
                              6901 Jericho Turnpike, Suite 230
                              Syosset, New York 11791
                              fkantrow@thekantrowlawgroup.com